# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **BILLY BYLER** | ) | **CASE NO. 1:17-cv-236** |
| 6481 Hunter Rd. | ) | |
| Jefferson, Ohio 44047 | ) | **JUDGE:** |
| | ) | |
| and | ) | |
| | ) | |
| **DONALD REID** | ) | |
| 4085 State Route 534 | ) | |
| Rome, Ohio 44085 | ) | |
| | ) | |
| Plaintiffs | ) | **CLASS-ACTION COMPLAINT AND** |
| | ) | **JURY DEMAND** |
| vs. | ) | |
| | ) | |
| **AIR METHODS CORPORATION** | ) | |
| 7301 South Peoria Street | ) | |
| Englewood, Colorado 80112 | ) | |
| | ) | |
| **Also serve:** | ) | |
| **CT Corporation System** | ) | |
| ℅ Statutory Agent, | ) | |
| 1300 East Ninth Street | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **ROCKY MOUNTAIN HOLDINGS,** | ) | |
| **LLC** | ) | |
| 7301 South Peoria Street | ) | |
| Englewood, Colorado 80112 | ) | |
| | ) | |
| **Also serve:** | ) | |
| **CT Corporation System** | ) | |
| ℅ Statutory Agent, | ) | |
| 1300 East Ninth Street | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| Defendants | ) | |

Plaintiffs Billy Byler ("Byler" or "Mr. Byler") and Donald Reid ("Reid" or "Mr. Reid") (hereinafter Mr. Byler and Mr. Reid will collectively be referred to as "Plaintiffs"), for their Complaint against Air Methods Corporation ("Air Methods") and its affiliate Rocky Mountain Holdings, LLC ("Rocky Mountain Holdings") (hereinafter Air Methods and Rocky Mountain Holdings will collectively be referred to as "Defendants"), state as follows:

## INTRODUCTION.

1.  Plaintiffs bring this proposed class action under Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and for similarly situated patients (the Class) transported by Defendants to hospitals from locations in Ohio. For patients like Plaintiffs, first responders or other emergency personnel determine whether a patient needs a helicopter for emergency travel to a hospital. As such, no written contract is established between patients and Defendants.

2.  Instead of charging patients a uniform, customary, and reasonable rate, Defendants seek to charge higher prices that bear no reasonable relationship to the services rendered or what is customarily charged for the services. On information and belief, these charges are generally many times the actual cost of providing medical transport. By imposing this pricing scheme on Plaintiffs and other patients without their knowledge and without regard to any health insurance payor, managed care payor, or governmental payor, Defendants breached their duty to charge reasonable rates for services, breached the covenant of good faith and fair dealing, and/or were unjustly enriched at the expense of the Class.

3.  In this action, Plaintiffs, on behalf of the Class, seek to enjoin Defendants from charging, billing, and/or attempting to collect anything above the reasonable rate for services

2

rendered, where the patient has not previously had an opportunity to negotiate a contract before services are rendered.

4.     Defendants conceal their pricing structure by failing to enter into preferred provider contracts with managed care companies and attempt to require patients to pay the bill in full.

5.     Defendants do not negotiate rates with patients and instead impose excessive charges that bear no reasonable relationship to the cost of the services rendered.

6.     Defendants do not publish their pricing model in any available platform for the public to access.

7.     The decision by Defendants to charge unreasonable prices is not supported by any rational pricing analysis. Instead, the prices charged Plaintiffs and Class members are the result of Defendants' policy of establishing an inflated pricing scheme and refusing to discount prices to those who have no ability to negotiate.

## PARTIES.

8.     Plaintiff Billy Byler is an individual who resides in the City of Jefferson, Ohio in Ashtabula County, Ohio.

9.     Plaintiff Donald Reid is an individual who resides in Rome Township, Ohio in Ashtabula County, Ohio.

10.     Defendant Air Methods Corporation is incorporated under the laws of Delaware with a principal place of business in Englewood, Colorado. Since March 11, 2010, Defendant has been subject to service in Ohio through its registered agent, CT Corporation System, 1300 East Ninth Street, Cleveland, Ohio 44114. On information and belief, Air Methods flies out of at least six

Ohio cities. Air Methods is a publicly traded company with its stock ticker AIRM available on the NASDAQ exchange.

11.     Defendant Rocky Mountain Holdings, LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Cincinnati, Ohio. Rocky Mountain is affiliated with Air Methods. Defendant Rocky Mountain may be served through its registered agent CT Corporation System, 1300 East Ninth Street, Cleveland, Ohio 44114. Upon information and belief, Defendant Rocky Mountain is a holding company that owns Air Methods.

## JURISDICTION AND VENUE.

12.     The Court has jurisdiction of this action under 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5 million and is a class action in which Plaintiffs and Class members are citizens of states different from Defendants.

13.     This Court has personal jurisdiction over Defendants because they are authorized to do business and are conducting business throughout the United States, including Ohio; they have sufficient minimum contacts with the various states of the United States, including Ohio; and/or sufficiently avail themselves to the markets of the various states of the United States, including Ohio, to render the exercise of jurisdiction by this Court permissible.

14.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2), since the cause of action arose in this District, and the unlawful conduct of Defendants, out of which the cause of action arose, took place in this District.

15.     Venue is also proper because: (a) Defendants are authorized to conduct business in this District and have intentionally availed themselves to the laws and markets within this District; (b) do substantial business in this District; and (c) are subject to personal jurisdiction in this District.

## FACTS RELATED TO THE NAMED PLAINTIFFS.

16.　　Following an accident on March 29, 2012, Defendants transported Mr. Byler from St. Joseph Health Center in Warren, Ohio to St. Elizabeth Health Center in Youngstown, Ohio. This is an approximately 36 mile trip.

17.　　Byler and Defendants agreed to neither an oral nor written contract for this transport.

18.　　Following the transport, Defendants billed Byler a total of $25,344.30, and itemized this charge as $18,694.38 as the base charge, along with an additional $6,649.92 for 36 miles of transport, a charge of $184.72 per mile. A copy of Defendants' bill to Byler is attached hereto as Exhibit 1.

19.　　This charge exceeds the market rate for helicopter rentals or any reasonable amount the Defendants could charge in an arm's-length transaction.

20.　　Byler's insurance paid $19,388.39 toward the charges. *See id.*

21.　　In one of the bills to Byler, Defendants state the following:

> Your insurance has paid their share. The remaining balance is your responsibility.  Please  contact  our  office  to  make  payment arrangements. Se Habla Espanol.
>
> *Id.*

22.　　Byler paid Defendants $2,154.28 towards the balance of the amount billed.

23.　　Following an accident on November 18, 2016, Defendants transported Mr. Reid from Montville Township, Ohio, which is located in Geauga County, Ohio to University Hospitals in Cleveland Ohio. This is an approximately 31 mile trip.

24.　　Reid and Defendants agreed to neither an oral nor written contract for this transport.

5

25.    Following the transport, Defendants sent Reid a Summary of Account showing charges totaling $48,308.33, comprised of a $38,378.10 base charge, along with an additional $9,930.23 for 31 miles of transport, a charge of $320.33 per mile. A copy of Defendants' Summary of Account to Plaintiff Reid is attached hereto as Exhibit 2.

26.    Defendants attempted to mislead Reid by advising him that he needed to sign their document entitled "ASSIGNMENT OF BENEFITS***REQUIRED FOR INSURANCE BILLING***", which was enclosed with the Summary of Account (Exhibit 2). But, this document far exceeds anything Defendants would require to bill an insurance carrier for the services provided. For example, the document contains the following:

> **FINANCIAL RESPONSIBILITY** I will cooperate with any efforts by Provider to maximize payment of my insurance benefits and minimize my personal financial responsibility. I agree to allow Provider to be my advocate throughout the billing process to help resolve my claim as quickly as possible. If I receive payment from an Insurer for Provider's services, I agree to promptly send such payment to Provider. I understand that many insurers will only pay for services that meet certain coverage requirements, such as medical necessity. If my Insurer denies or underpays Provider's charges for any reason, or if I have no insurance, I accept direct financial responsibility for any unpaid charges.

> **COLLECTIONS & TELEPHONE CONSENT** I agree to allow Provider to: (1) use pre-recorded or artificial voice messages, or an automatic telephone dialing system, to contact me at the telephone number provided below, which may be a wireless or cell phone number; (2) leave answering machine or voice mail messages for me, and include in any such messages information required by law (including debt collection laws) or other information about amounts I owe; (3) send text messages or e-mails to the telephone number and e-mail address provided below about unpaid balances or other billing issues. I also agree to allow Provider to get a credit report to help collect unpaid balances.

> *Id.*

6

27.     Upon information and belief, the amount sought by Defendants grossly exceeds the uniform, customary, and reasonable amount typically charged for like transport. Moreover, the amount charged does not represent the reasonable value of services rendered and is grossly excessive.

28.     Upon information and belief, Defendant Air Methods has increased its billed charges from an average of $13,198 in 2007 to $40,766 in 2014. This resulted in a tripling of its net income, which has grown from $27.5 million to $99.4 million over the same time period. *See* "Is Sky-High the Limit?" Elan Head, Vertical Magazine, October 27, 2015.[1]

29.     At all times relevant to this litigation, Plaintiffs lacked knowledge of the outrageous and unconventional rates charged by Defendants for transport service.

30.     The prices in Defendants' invoices were not disclosed to Plaintiffs prior to Defendants' transportation of Plaintiffs.

31.     Additionally, Defendants' services have a fair market value. Where Defendants seek to recover more than the fair market value of its services, Defendants act in bad faith by imposing contracts of adhesion on the Plaintiffs and Class members. Defendants should not be able to recover more from Plaintiffs and Class members than the fair market value of their services where Plaintiffs and Class members have no meaningful choice about entering into the transaction.

32.     Further, Plaintiffs' action is not barred by 49 U.S.C. § 41713, the Airline Deregulation Act, as this action does not affect the price of air transportation, and as such, the

---

[1] http://www.verticalmag.com/features/isskyhighthelimit/

price in Defendants' invoice was not an agreed upon amount prior to Defendants' transportation of Plaintiffs.

## **CLASS-ACTION ALLEGATIONS.**

33.    Plaintiffs restate and realign Paragraphs 1 through 32 of the Complaint as if fully rewritten herein.

34.    This action is brought and may be maintained as a class action according to Rule 23 of the Federal Rules of Civil Procedure on behalf of Plaintiffs and all others similarly situated. The proposed Class is defined as follows:

> All patients, who without entering a written agreement with Defendants for medical transport prior to the transport, received medical transport by Defendants from a location in Ohio during the period of six years before this action.

35.    Plaintiffs reserve the right to amend this class definition or bring appropriate subclasses if necessary.

36.    Plaintiffs are part of the class they seek to represent. They possess the same interest as the absent Class members and have suffered the same injury.

37.    The proposed Class members are so numerous that joinder of all members is impracticable.

38.    Plaintiffs do not know the exact number of Class members; as such information is in the exclusive control of Defendants. But, due to the nature of the trade and commerce involved, Plaintiffs believe the Class consists of thousands of Class members.

39.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The common questions of law and fact that affect the Class members include, but are not limited to:

   a.  whether the provision of medical transport by Defendants to Class members in the absence of a written agreement created an implied contract between Defendants and Class members;

   b.  whether Defendants charged Class members prices for services rendered in Ohio that violated the implied contracts between Defendants and Class members;

   c.  whether Defendants charged Class members prices in Ohio that were so high as to be unreasonable and unconscionable;

   d.  whether Defendants have been unjustly enriched by charging Class members unreasonably high rates for services and materials;

   e.  whether Defendants breached a contractual relationship with Plaintiffs and Class members, including breach of the covenant of good faith and fair dealing, by charging Class members unreasonable prices for medical services;

   f.  whether Plaintiffs and Class members are entitled to restitution of overcharges collected by Defendants;

   g.  whether the Court should grant injunctive relief to Class members to prevent the continuation of the foregoing acts and conduct of Defendants;

   h.  whether Plaintiffs and Class members are entitled to punitive damages for this unlawful conduct; and

   i.  whether Plaintiffs and the Class members sustained damages and the proper measure of damages.

40.    The claims and defenses of the named Plaintiffs are typical of the claims and defenses of Class members. Plaintiffs and Class members have received emergency medical transport by Defendants. Instead of charging patients a uniform, customary, and reasonably rate, Defendants charge excessive prices that bear no reasonable relationship to the services rendered or what is customarily charged for the services. This is true regardless of whether Plaintiffs or Class

9

members had a third party payor at the time of transport. The named Plaintiffs and Class members have been damaged by Defendants' conduct in that the amounts billed by Defendants are generally many times, up to 400% higher, than what other emergency helicopter transport companies charge for the same service. As such, Plaintiffs and Class members did not receive the fair market value for these services.

41.    Plaintiffs will fairly and adequately represent and protect the interests of the Class members. Plaintiffs have retained competent counsel with experience in class-action litigation. Plaintiffs have no interests that are contrary to, or in conflict with, those of the Class that Plaintiffs seek to represent. The mere existence of third party payors that may have an obligation to pay part of the unreasonable rates Defendants charged to the Class members presents no intraclass conflict between Plaintiffs and the Class members.

42.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the Class members is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims. There will be no difficulty in the management of this action as a class action.

43.    Damages for any individual class member are likely insufficient to justify the cost of individual litigation, so that in the absence of class treatment, Defendants' violations of law would go unremedied.

44.    Defendants have acted or refused to act on grounds that apply generally to the class, as alleged above, and certification is proper under Rule 23(b)(2).

10

## COUNT I
## BREACH OF IMPLIED CONTRACT

45.     Plaintiffs restate and reallege Paragraphs 1 through 44 of the Complaint as if fully rewritten herein.

46.     Before the receipt of services, no negotiation of contract terms took place and Plaintiffs and Defendants did not enter into either a written or oral agreement on the terms of any contract, particularly the price term.

47.     Prior to sending Plaintiffs and Class members a bill, Defendants never disclosed the rates it intended to charge for its services. As these agreements contained an undefined price term, they constituted an implied contract, and Defendants were obligated to charge the fair and reasonable value of the services and materials it provided to Plaintiffs and each member of the Class.

48.     Instead of charging Plaintiffs and Class members the fair and reasonable value of its services and materials, Defendants breached the implied contracts, including breach of the covenant of good faith and fair dealing, by charging the inflated prices that bear no reasonable relationship to the services rendered, and did so in bad faith.

49.     By any measure, the prices charged by Defendants to Plaintiffs and Class members for medical services were unreasonable. These prices far exceed the amounts paid by third-party payors, including the uniform, customary, and reasonable amount paid by health insurance companies and the amount paid by Medicare and Medicaid for the same services.

50.     As a result of Defendants' breach of the implied contracts, Plaintiffs and Class members have incurred damages in the amount of the overcharges levied by Defendants.

51.     Wherefore Plaintiffs demand judgment for themselves and all others similarly situated for compensatory damages, punitive damages, attorneys' fees, costs of court, reimbursement

of reasonable expenses, and any other legal or equitable remedy the Court deems just.

## COUNT II
## UNJUST ENRICHMENT

52.     Plaintiffs restate and reallege Paragraphs 1 through 51 of the Complaint as if fully rewritten herein.

53.     Defendants have charged and received fees from Plaintiffs and Class members above and beyond those they are entitled to receive.

54.     Plaintiffs and Class members conferred the benefit to the Defendants under misapprehension of a right or duty. The Defendants obtained these payments by fraud, coercion, or abuse of a confidential relationship.

55.     The Court cannot equitably and in good conscience allow the Defendants to be thusly enriched at the expense of Plaintiffs and Class members.

56.     As a direct and proximate result of Defendants' policy and practice of charging and collecting unreasonable amounts from Plaintiffs for services rendered, Plaintiffs have suffered damages exceeding $5 million.

57.     Wherefore Plaintiffs demand judgment for themselves and all others similarly situated for compensatory damages, punitive damages, attorneys' fees, costs of court, reimbursement of reasonable expenses, and any other legal or equitable remedy the Court deems just.

## COUNT III
## DECLARATORY AND INJUNCTIVE RELIEF

58.     Plaintiffs restate and reallege Paragraphs 1 through 57 of this Complaint as if fully rewritten herein.

12

59.     Alternatively, Plaintiffs seek injunctive and declaratory relief for the purposes of determining questions of actual controversy between Class members and Defendants.

60.     Defendants have acted in a uniform manner in not disclosing their prices to Plaintiffs and Class members before rendering their services.

61.     Defendants have acted or refused to act on grounds that apply generally to the declaratory relief of Plaintiffs and Class members, so that final injunctive relief or corresponding declaratory relief is appropriate respecting Class members as a whole within the meaning of Fed. R. Civ. P. 23.

62.     Plaintiffs seek declarations to determine the rights of Class members and to enjoin Defendants from further engaging in a pattern of activity whereby they uniformly charge an unreasonable rate for transport services throughout the United States, including the State of Ohio.

63.     Plaintiffs and Class members further seek a prospective order from the Court requiring Defendants to: (1) cease the charging of unreasonable rates to patients; and (2) to cease Defendants' attempts to collect outstanding bills beyond what are reasonable charges from Plaintiff Reid and Class members.

64.     The implied contracts between Plaintiffs and Defendants do not contain a defined price term which is necessary to the formation of an enforceable contract. As such, Plaintiffs seek an order from the Court that the purported bills submitted by Defendants to Plaintiffs and the Class members are unenforceable contracts because of the lack of mutuality.

65.     In the absence of an enforceable contract, Defendants are entitled to receive the fair and reasonable value of the benefits bestowed upon Class members. The charges billed by Defendants to Class members greatly exceeded the reasonable value of the benefit bestowed. As a

13

result, Defendants have been unjustly enriched by the overcharges they have levied against Class members through the improper and/or illegal acts alleged in this Complaint.

66.     Plaintiffs and Class members seek the disgorgement of Defendants' illicit profits, and restitution in the amount of excess charges levied by Defendants and other relief as set forth in the prayer below.

67.     As a result of Defendants' improper and unconscionable charging practices as described above, Plaintiffs and Class members have suffered, and will continue to suffer, irreparable harm and injury.

68.     Accordingly, Plaintiffs and Class members respectfully ask the Court to enter a permanent injunction ordering Defendants to cease and desist their practice of charging Plaintiffs and Class members unconscionable and/or unreasonable prices for their services as set forth above, at rates far in excess of rates that are uniform, customary, and reasonable.

**WHEREFORE**, Plaintiffs, individually and on behalf of the proposed Class of persons described herein, pray for an Order as follows:

a)      Entering an order certifying the proposed Class (and subclasses, if applicable), designating Plaintiffs as the class representatives, and designating the undersigned as class counsel;

b)      Entering judgment in favor of Plaintiffs and the Class and against Defendants on each claim;

c)      Awarding Plaintiffs and Class members their individual damages including interest thereon;

d)      Entering an order requiring restitution of overpayments made by Class members to

14

Defendants, and disgorgement of the money the Defendants had improperly collected;

e) Alternatively, entering an order permanently enjoining the Defendants from continuing in the improper and/or unlawful acts alleged herein;

f) Alternatively, in the unlikely event Plaintiffs cannot meet the requirements of Rule 23(b)(3), for an order certifying certain liability issues which exist, predominate, and are susceptible to class-wide proof;

g) Awarding Plaintiffs all costs and disbursements, including attorneys' fees, experts' fees, and other class-action related expenses;

h) Award all actual, general, special, incidental, statutory, punitive, attorneys' fees, interest, costs and consequential damages to which Plaintiffs and Class Members are entitled;

i) Granting such further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and the Class, hereby demand a trial by jury on all claims and issues.

Date: February 6, 2017

Respectfully Submitted,

_/s/  James M. Kelley_
James M. Kelley, III (0061990)
Egan P. Kilbane (0079170)
**ELK & ELK CO. LTD.**
6105 Parkland Blvd, Suite 200
Mayfield Heights, OH 44124
PH: 440-442-6677 | FX: 440-442-7944
Email: jkelley@elkandelk.com
          ekilbane@elkandelk.com


_/s/  Robert J. Dubyak_
Robert J. Dubyak (0059869)
Christina C. Spallina (0088548)
**DUBYAK NELSON, LLC**
6105 Parkland Blvd, Suite 230
Mayfield Heights, OH 44124
PH: 216-364-0500 | FX: 216-364-0505
Email: rdubyak@dubyaknelson.com
          cspallina@dubyaknelson.com


_/s/  Daniel R. Karon_
Daniel R. Karon (0069304)
Beau  D. Hollowell (0080704)
**KARON, LLC**
700 W. St. Clair Avenue, Suite 204
Cleveland, OH 44113
PH: 216-622-1851 | FX: 216-241-8175
Email: dkaron@karonllc.com
          bhollowell@karonllc.com

*Attorneys for Plaintiffs and the Proposed Class*

16