IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BILLY BYLER, et al., | ) | CASE NO. 1:17-CV-236 |
| | ) | |
| Plaintiffs, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| AIR METHODS CORPORATION, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS
AIR METHODS CORPORATION AND ROCKY
MOUNTAIN HOLDINGS, LLC TO TRANSFER OR STAY**

Defendants Air Methods Corporation and Rocky Mountain Holdings, LLC (collectively, "Defendants") move pursuant to the "first-to-file" rule to transfer or stay this case.

**PRELIMINARY STATEMENT**

This putative statewide class action, which seeks to challenge rates charged by Defendants for air ambulance services, overlaps with and is duplicative of an earlier-filed class action alleging a nationwide class in the District of Colorado, *Scarlett v. Air Methods Corp., et al.*, Case No. 1:16-CV-02723 (D. Colo.) (attached as "Exhibit A") (the "Colorado Case"). The claims asserted by the putative plaintiffs here are identical to the claims asserted against the same Defendants in the Colorado Case. In fact, the language of the complaints in both cases is exactly the same in many places. Further, the nationwide putative class in the Colorado Case encompasses the putative class here. Thus, because this case involves the same parties and issues as the earlier-filed Colorado Case, the first-to-file rule applies, and this case should be transferred to the District of Colorado or stayed until the overlapping issues in the Colorado action are resolved.

*See Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) (holding that the first-to-file rule applies where two cases involve similar parties and issues).

In fact, three other district courts have transferred similar statewide class actions to the District of Colorado, recognizing that such transfer will promote judicial economy and consistency of results. There currently are five related class actions pending in the District of Colorado, and this action is the only related case presently pending in another district. As such, in addition to the first-to-file rule, broader considerations of equity, economy, and consistency strongly favor transferring or staying this case.

## BACKGROUND

### A. The First-Filed Cases

Defendants are air carriers that provide emergency air ambulance services to patients across the United States, including Ohio. Defendants' principal places of business are in Englewood, Colorado,[1] and they operate bases in nearly every state. (*See* ECF No. 1, Compl. ¶¶ 10-11.)

On November 4, 2016, Jeremy Scarlett, who received emergency air ambulance services from Defendants in Pennsylvania, filed a putative class action against Defendants in the District of Colorado alleging that "Defendants breached their duty to charge reasonable rates for services, breached the covenant of good faith and fair dealing, and/or were unjustly enriched at the expense of the Plaintiff and the Proposed Class." (*See* Ex. A, Colo. Compl., ¶ 10.) The complaint in the Colorado Case asserted three causes of action: (i) breach of implied contract; (ii) unjust enrichment; and (iii) declaratory and injunctive relief. (*See id.* ¶¶ 33-53.) The complaint also

---

[1] The Complaint in this case incorrectly alleges that Rocky Mountain Holdings, LLC's principal place of business is in Cincinnati, Ohio. (*See* ECF No. 1, Compl. ¶ 11.) In fact, it is in Englewood, Colorado. The Complaint in the Colorado Case includes that same error (*see* Ex. A, Colo. Compl., ¶ 10), which indicates that the attorneys in both cases were working from the same template pleading – furthering demonstrating that the issues in both cases are the same.

2

purported to bring claims on behalf of a putative class defined as "[a]ll individuals who have received emergency medical transport by Defendants from a location in the United States." (*Id.* ¶ 24.) The proposed nationwide class definition included no time limitation. (*See id.*) In lieu of answering the complaint in that case, Defendants filed a motion to dismiss under Rule 12(b)(6) because all claims are expressly preempted by the ADA, and that motion remains pending as of this filing. (*See* Defs.' Mot. to Dismiss (attached as "Exhibit B").)

Before the Colorado Case was filed, three other cases alleging similar claims had been initiated in Alabama, Oklahoma, and South Carolina. While the plaintiffs in each of those cases alleged statewide or multi-state classes, the plaintiff in the Colorado Case was the first to plead a nationwide class. Recognizing the substantial benefits to both the parties and the courts of having all of these related cases proceed in the same jurisdiction, the plaintiffs in each of the other three cases agreed to file joint motions to transfer to the District of Colorado under 28 U.S.C. § 1404(a). The courts in those cases agreed, and all three of those cases now have been transferred to the District of Colorado. (*See* Ala. Transfer Order (attached as "Exhibit C"); Okla. Transfer Order (attached as "Exhibit D"); S.C. Transfer Order (attached as "Exhibit E").) As of this filing, the parties are attempting to consolidate those related cases into a coordinated proceeding before the same judge.[2] (*See* Not. of Related Cases (attached as "Exhibit F").)

### B. Plaintiffs' Subsequently-Filed Case

On February 6, 2017, over three months after the Colorado Case was filed, Plaintiffs sued Defendants in this Court, alleging that the amount charged for their air ambulance services is "excessive." (ECF No. 1, Compl. ¶ 5.) Mirroring the allegations in the Colorado Case, Plaintiffs

---

[2] Another related class action was recently filed in the District of Colorado on February 28, 2017. There are now five related cases currently pending in the District of Colorado. This lawsuit is the only related case pending in a different district.

3

allege that the amount charged by Defendants "exceeds the uniform, customary, and reasonable amount typically charged for like transport" and that "the amount charged does not represent the reasonable value of services rendered and is grossly excessive." (*Id.* ¶ 27.) The complaint in the Colorado Case makes these exact same allegations *verbatim*. (*See* Ex. A, Colo. Compl. ¶¶ 6, 19.) The Complaint here also asserts the same legal causes of action as in the Colorado Case – breach of implied contract, unjust enrichment, and declaratory and injunctive relief. (*See* ECF 1, Compl. ¶¶ 45-68; Ex. A, Colo. Compl. ¶¶ 33-53.) All causes of action in both cases are fundamentally challenges to the prices Defendants charged for air ambulance services.

The Complaint here seeks to certify a putative class comprising "[a]ll patients, who without entering a written agreement with Defendants for medical transport prior to the transport, received medical transport by Defendants from a location in Ohio during the period of six years before this action." (ECF No. 1, Compl. ¶ 34.) Each of the putative class members within the scope of the Complaint's proposed class definition here fall within the scope of the nationwide class definition previously pled in the Colorado Case. (*See* Ex. A, Colo. Compl ¶ 24.) As such, with respect to the claims asserted by Ohio putative class members against Defendants related to alleged "overcharges" for their air ambulance services, the Colorado Case is the first-filed case.

## LEGAL STANDARD

The first-to-file rule is "a prudential doctrine that grows out of the need to manage overlapping litigation across multiple districts." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016). Under the first-to-file rule, "when actions involving nearly identical parties and issues have been filed in two different district courts," the suit filed first should typically proceed to judgment before the subsequent suit. *Id.* (quoting *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007)). The purpose of this

rule is to "encourage[] comity among federal courts" of the same level, "conserve[] judicial resources by minimizing duplicative or piecemeal litigation, and protect[] the parties and the courts from the possibility of conflicting results." *Id.* (citations omitted).

Where, as here, multiple suits filed in different districts "involve 'nearly identical parties and issues,'" the first-to-file rule "presumptively applies." *Id.* (quoting *Certified Restoration*, 511 F.3d at 551). In these circumstances, the Court should transfer or stay the later-filed suit unless there are compelling equitable reasons not to do so. *Elite Physicians Servs., LLC v. Citicorp Credit Servs., Inc. (USA)*, No. 1:06-CV-86, 2007 WL 1100481, at *4 (E.D. Tenn. Apr. 11, 2007); *see also Baatz*, 814 F.3d at 793-95; *Collins v. Synthes USA Sales, LLC*, No. 1:09 CV 2868, 2010 WL 1408966, at *2-3 (N.D. Ohio Apr. 2, 2010) (Oliver, J.).

## ARGUMENT

### I. The First-to-File Rule Presumptively Applies.

The Sixth Circuit has held that courts must look at three considerations when determining whether to apply the first-to-file rule: "(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Baatz*, 814 F.3d at 789. All of these elements of the first-to-file rule are satisfied here because another action was previously filed that involved the same parties and the same issues and claims.

First, the chronology factor "simply asks which of the two overlapping cases was filed first," *id.* at 790, and there should be no dispute that the Colorado Case came first. It was filed more than three months before this case.

Second, the cases involve the same parties. The same defendants were sued in both cases. Further, the putative class proposed in this case falls entirely within the putative class proposed in the Colorado Case. (*Compare* ECF No. 1, Compl. ¶ 34, *with* Ex. A, Colo. Compl. ¶ 24.) Where the first-filed action is a class action, the Sixth Circuit has explained that courts

5

should consider whether the plaintiffs in the later-filed action "substantial[ly] overlap with the putative class" in the first-filed action, "even though the class has not yet been certified."[3] *Baatz*, 814 F.3d at 790; *see also Walker v. Serv. Corp. Int'l*, No. 4:10CV00048, 2011 WL 1370575, at *9 (W.D. Va. Apr. 12, 2011) (observing that the parties are considered similar under the first-filed-rule where the class alleged in the later-filed action is "completely encompassed" by the class in the first-filed action). Here, because the putative class members in this later-filed case are encompassed within the putative class alleged in the first-filed Colorado Case, the parties are considered sufficiently similar for purposes of the first-filed rule.[4] *Baatz*, 814 F.3d at 791; *see also Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 690 (E.D. Tenn. 2005).

Third, the issues (and claims) of the parties in this case and the Colorado Case "substantially overlap in order to apply the first-to-file rule." *Baatz*, 814 F.3d at 791. While the

---

[3] To be clear, Defendants dispute that any class in the Colorado Case or any other case could or should be certified, but that is immaterial for purposes of the first-to-file rule. *See Baatz*, 814 F.3d at 793-94 (applying the first-to-file rule even though the defendant "argue[d] that class certification [wa]s impossible" in the first-filed case); *see also O.P. Schuman & Sons, Inc. v. DJM Advisory Grp., LLC*, No. 16-3563, 2017 WL 634069, at *3 (E.D. Pa. Feb. 16, 2017) ("Rather than having two district courts decide class certification for two substantially similar classes, where Plaintiff's claims necessarily fall within the Florida action class, it makes good sense for a single court to make such decisions for the sake of comity and consistency.").

[4] Under the Sixth Circuit's interpretation of the first-to-file rule, it is of no consequence that the class proposed in this later-filed case is narrower than the putative class in the earlier-filed Colorado Case. In *Baatz*, for example, the Sixth Circuit applied the first-to-file rule to a lawsuit brought by 40 plaintiffs because those plaintiffs' claims were encompassed within an earlier-filed putative class comprising over 1,000 plaintiffs. 814 F.3d at 787-89. Likewise, a court within this district has ruled that potential plaintiffs in a later-filed state class action "over-lap[ped] significantly with the [national] class designated in" a suit previously filed in Illinois because the nationwide putative collective action was "broad enough to cover the parties involved in the instant action and [was] therefore similar for purposes of the first-to-file rule." *Fryda v. Takeda Pharmaceuticals N. Am., Inc.*, No. 1:11-cv-0039, 2011 WL 1434997, at *5 (N.D. Ohio Apr. 14, 2011); *see also Palagano v. NVIDIA Corp.*, No. 15-1248, 2015 WL 5025469, at *1, *4, *8 (E.D. Pa. Aug. 25, 2015); *Letbetter v. Local 514, Transp. Workers Union of Am.*, No. 14-CV-00125-TCK-FHM, 2014 WL 4403521, at *5-6 (N.D. Okla. Sept. 5, 2014); *Koehler v. Pepperidge Farm, Inc.*, No. 13-cv-02644-YGR, 2013 WL 4806895, at *4 (N.D. Cal. Sept. 9, 2013); *Walker*, 2011 WL 1370575, at *9.

"issues need not be precisely identical," they are here. *Thomas & Betts Corp. v. Hayes*, 222 F. Supp. 2d 994, 996 (W.D. Tenn. 2002) (Donald, J.). Plaintiffs in both cases assert the same causes of action: (1) Breach of Implied Contract, (2) Unjust Enrichment, and (3) Declaratory and Injunctive Relief. (*Compare* ECF No. 1, Compl. ¶¶ 45-68, with Ex. A, Colo. Compl ¶¶ 33-53.) Plaintiffs in both cases seek the same relief, and their claims allegedly arise from the same operative facts – namely, Defendants' alleged "overcharges" for air ambulance services. Indeed, the similarity of the language used in the pleadings of both cases indicates that they were drafted from the same source document. (*Compare, e.g.*, ECF No. 1, Compl. ¶¶ 1-7, *with* Ex. A, Colo. Compl ¶¶ 1-7.) Under these circumstances, there can be no doubt that the issues in these cases are similar for purposes of the first-to-file rule.

Because all relevant factors are satisfied in this case, the first-to-file rule "presumptively applies." *Baatz*, 814 F.3d at 789.

## II. Equitable Considerations Strongly Support Transfer or Stay.

To justify departure from the first-to-file rule, "extraordinary circumstances" must generally be present. *Baatz*, 814 F.3d at 792 (quoting *E.E.O.C. v. Univ. of Penn.*, 850 F.2d 969, 972 (3d Cir. 1988)). As the Sixth Circuit has explained, "deviations from the rule should be the exception, rather than the norm." *Id.* (citing *Church of Scientology of Cal. v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)). Plaintiffs in this case can point to no legitimate reason to overcome this presumption here. To the contrary, application of the first-to-file rule is strongly supported by relevant equitable considerations, particularly promotion of judicial economy, convenience of the parties and witnesses, and the need to avoid inconsistent rulings.

This case is one of six class actions that have been filed against Defendants around the country alleging the same basic facts and legal claims challenging prices for air ambulance services. In all of those cases except this one, the plaintiffs have either filed in the District of

7

Colorado, or the parties and the courts have agreed to transfer the cases to that district. Much of the discovery and other pretrial activity in this case will overlap with the other class actions pending in the District of Colorado, and all parties will benefit from consolidated or coordinated proceedings. Because the Defendants' principal places of business are in Colorado, which is also where the cases alleging nationwide classes were filed, the District of Colorado is the most convenient, logical, and equitable venue for a consolidated and coordinated proceeding, which will result in efficiencies and cost-savings for both the parties and the judiciary. *See Realson v. Univ. Med. Pharms. Corp.*, No. 4:09-cv-3277-TLW-TER, 2010 WL 1838911, at *5 (D.S.C. May 6, 2010) ("[T]ransfer of an action to a district within which a related action is pending promotes the interests of justice by promoting judicial economy and avoiding inconsistent judgments.").

Indeed, in the other class actions that have already been transferred, both the parties and the courts recognized that transfer to the District of Colorado would preserve judicial resources and promote consistency of results. For instance, the South Carolina court explained that transferring that related action to Colorado would "promote[] the interests of justice by promoting judicial economy and avoiding inconsistent judgments." (Ex. E, S.C. Transfer Order, at 1-2; *see also id.* at 2 (finding that the parties had demonstrated "why transferring this case to Colorado would promote the convenience of the parties and witnesses and promote judicial economy").) Likewise, the Alabama court observed that transferring the overlapping class actions to the District of Colorado "will promote judicial economy, consistency of results, and the interests of justice." (Ex. C, Ala. Transfer Order, at 2-3 (citing *Imvenco PVBA Antwerp v. Maersk Line*, No. 91-1691-CV-DAVIS, 1992 WL 442695 (S.D. Fla. 1992).)

In short, not only is there no justification to disregard the presumptive application of the first-to-file rule here, but the relevant equitable considerations strongly support transferring the case to the District of Colorado or staying the case.

### III. The Case Should Be Transferred to the District of Colorado or Stayed.

The Court should either transfer this case to the District of Colorado or stay all proceedings in this case until the overlapping issues in the Colorado Case have been resolved. *Elite Physicians*, 2007 WL 1100481, at *4. Under similar circumstances, courts routinely transfer duplicative actions to the district where the first-filed action is pending. *See, e.g.*, *Henry v. Home Depot U.S.A., Inc.*, No. No. 14-cv-04858-JST, 2016 WL 4538365, at *4-5 (N.D. Cal. Aug. 31, 2016) (relying on *Baatz* to support transfer under the first-to-file rule); *Collins*, 2010 WL 1408966, at *3; *Fuller*, 370 F. Supp. 2d at 690-91; *Thomas & Betts*, 222 F. Supp. 2d at 997. In addition, the Sixth Circuit has recognized that "staying th[e] case" is also a "reasonable course of action" where, as here, the first-to-file rule applies. *Baatz*, 814 F.3d at 795; *see also Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 629 (9th Cir. 1991) (noting that "where the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed").

### CONCLUSION

For the reasons explained above, the first-to-file rule applies, and this case should either be transferred to the District of Colorado or stayed until the overlapping issues in the Colorado action are resolved.

Respectfully submitted,

/s/ *Brian A. Troyer*
Brian A. Troyer (0059671)
Brian.Troyer@ThompsonHine.com
Laura L. Watson (0084284)
Laura.Watson@ThompsonHine.com

9

**Thompson Hine LLP**
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
Telephone: 216.566.5500
Facsimile: 216.566.5800

*Attorneys for Defendants Air Methods Corporation
and Rocky Mountain Holdings, LLC*

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically on March 10, 2017. Notice of such filing will be made electronically by way of the Court's electronic notification system. Parties may access the filing through the Court's system.

/s/ *Brian A. Troyer*
*One of the Attorneys for Defendants Air Methods Corporation and Rocky Mountain Holdings, LLC*
